James R. GROVES; et al.,
Plaintiffs—Appellants,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois corporation,
Defendant—Appellee.

No. 03–35260.

D.C. No. CV–02–02119–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 2004.*

Decided Aug. 10, 2004.

John Budlong, Faye J. Wong, Law Offices of John Budlong, Edmonds, WA, for Plaintiff–Appellant.

Timothy J. Whitters, Steven M. Sitek, Gordon Thomas Honeywell Malanca Peterson & Daheim, Seattle, WA, for Defendant–Appellee.

Before KLEINFELD and CALLAHAN, Circuit Judges, and BERTELSMAN,** District Judge.

MEMORANDUM***

James and Mickey Groves appeal the district court's entry of summary judgment. We affirm the district court.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Neither the shipping nor the subsequent destruction of the computer equipment was an accident or otherwise performed unintentionally. Thus, there was no "occurrence" that would trigger coverage under the liability insurance policy.[1] Even if these events constituted an "occurrence," the policy's ownership exclusion applies because James Groves and his partner jointly owned the equipment.[2]

Because we hold that the Groves are not entitled to insurance coverage, their bad faith claim necessarily fails.[3] The remainder of the Groves' arguments are meritless.

**AFFIRMED.**

---

1. *Compare Dewitt Constr. Inc. v. Charter Oak Fire Ins. Co.,* 307 F.3d 1127, 1133 (9th Cir. 2002) (holding that a subcontractor's negligent acts were an "occurrence"), *with Safeco Ins. Co. of Am. v. Butler,* 118 Wash.2d 383, 823 P.2d 499, 502, 509 (1992) (holding that intentionally shooting at a car was not an "occurrence," even though the shooter did not intend for a ricocheting bullet to hit an occupant), *and Grange Ins. Co. v. Brosseau,* 113 Wash.2d 91, 776 P.2d 123, 124—27 (1989) (holding that shooting an assailant in self-defense was not an "occurrence" because it was an intentional act, not an accident), *and Am. Econ. Ins. Co. v. Estate of Wilker,* 96 Wash.App. 87, 977 P.2d 677, 679—680 (1999) (holding that the witnessing of a child being molested by the child's friend was neither an accident nor an "occurrence").

2. *See State Farm Fire & Cas. Co. v. English Cove Ass'n, Inc.,* 121 Wash.App. 358, 88 P.3d 986, 990 (2004)

3. *Overton v. Consol. Ins. Co.,* 145 Wash.2d 417, 38 P.3d 322, 329 (2002).

